[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a paternity action in which, at the commencement of the hearing, the defendant admitted paternity. Blood grouping tests had previously been ordered and performed. The court finds that Jeffrey Yatsenick is the father of the minor child, Christopher Michael Cook, born July 10, 1978.
The plaintiff also seeks her lying in expenses, back support under 46b-160, present and future support, and counsel fees.
With respect to the lying in expenses, the court has examined the statutes relating to paternity issues and reluctantly concludes that those expenses incurred in 1978 cannot be recovered. The three year limit on the recovery of back support would appear to govern this item as well.
The defendant has not paid any support since sometime in 1982 when the plaintiff became angry over his demands to account for his somewhat modest payments and told him she was prepared to forego any further assistance from him. The defendant has accumulated in excess of $20,000 in a "trust account," so-called, which he controls and which he has invaded in the past for his own use. He proposes that this account be considered as payment in full of the three years of back support permitted by 46b-160 and that it be converted into an irrevocable trust for the child's education. He would be designated as trustee.
While concern for the child's higher education is commendable, the child is twelve years old and has been supported almost entirely by the plaintiff up to this time. The court does not feel that the plaintiff should, in effect, forego her claim for back support so that the defendant can create this trust. The trust would be created with her money, actually. CT Page 2217
The court has heard evidence of the defendant's earnings for the three years next preceding the filing date. Those earnings would support an award of support of at least $128 per week, and that amount for three years would total about $20,000.
It is therefore the conclusion of the court that the "trust account," so-called, should be awarded to the plaintiff as back support pursuant to 46b-160. Any amount in excess of $20,000 presently in said account shall also be turned over to the plaintiff on account of her total bill for counsel fees and costs and the defendant shall pay any balance remaining within 45 days of this decision. Counsel have stipulated as to payments, costs, etc. and the court will expect them to work out the details to dispose of this item.
In making the award to the plaintiff free and clear of any restriction or terms, the court is relying on the fact that the plaintiff has apparently been an excellent mother, has brought the child up by herself at considerable sacrifice to herself, and is devoted to the child. The court is confident she will use these funds for the best interests of the child.
Finally, in accordance with the support guidelines promulgated by the Commission for Child Support Services, the defendant is ordered to pay support at the rate of $145.00 per week. This order is effective as of March 21, 1991, the date of the hearing of this matter in accordance with the court's advice to the parties and counsel at the conclusion of the evidence.
Anthony V. DeMayo, Judge